O

1
2
3
4
5
6
7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  WUXI CITY RUNYUAN KEJI ZIAOE  )  Case No. EDCV 12-02274 DDP (SPx)
    DAIKUAN CO. LTD.,            )
12                              )
                 Plaintiff,      )  **ORDER DENYING MOTION FOR**
13                              )  **ATTORNEY'S FEES**
          v.                     )
14                              )
    XUEWEI XU, an individual;    )  [Dkt. No. 41]
15  HAIRONG CAO, an individual;  )
    REPET, INC., a California     )
16  corporation,                 )
                                )
17               Defendants.     )
    _____ )

18

19       Presently before the court is Defendants' Motion for

20  Attorney's Fees ("Motion").  Having reviewed the parties'

21  submissions, the court DENIES the Motion and adopts the following

22  Order.

23  **I. Background**

24       The facts are recited in the court's Order Granting Motion to

25  Dismiss.  (Dkt. No. 38.)  Defendants' motion to dismiss was granted

26  with leave to amend because Plaintiff's complaint failed to

27  adequately plead a RICO predicate act that would allow this court

28  to exercise jurisdiction over the action.  Plaintiff did not timely

1  file an amended complaint, and the action was dismissed without

2  prejudice. Plaintiff then filed a new complaint (Case No. EDCV 13-

3  944 DDP). A motion to dismiss the new action is under submission.

4  **II. Legal Standard**

5      Federal courts apply state law in determining whether to award

6  attorney's fees in an action on a contract.  Ford v. Baroff, 105

7  F.3d 439, 442 (9th Cir. 1997).  Under California law, "in any

8  action on a contract, where the contract specifically provides that

9  attorney's fees and costs, which are incurred to enforce that

10  contract, shall be awarded either to one of the parties or to the

11  prevailing party, then the party who is determined to be the party

12  prevailing on the contract, whether he or she is the party

13  specified in the contract or not, shall be entitled to reasonable

14  attorney's fees in addition to other costs.  Cal. Civ. Code §

15  1717(a) (emphasis added).  "The court may also determine that there

16  is no party prevailing on the contract for purposes of this

17  section."  Id. § 1717(b)(1).

18      The California Supreme Court has held that § 1717 entitles a

19  defendant that has "obtain[ed] a simple, unqualified, victory" to

20  recover attorney's fees.  Hsu v. Abbara, 9 Cal. 4th 863, 877

21  (1995).

22  **III. Discussion**

23      For the sake of argument, the court assumes that the contract

24  in question allows for attorney's fees to be collected by the

25  prevailing party on the contract claims.  The issue is whether when

26  this court dismissed Plaintiff's complaint without prejudice it

27  conveyed "prevailing party" status upon the Defendants given that

28

1   the Plaintiff has re-filed the complaint and the dismissal focused

2   on the RICO claims.

3       **A. Prevailing Party**

4       A dismissal without prejudice is not a "simple, unqualified

5   victory" that would entitle a party to attorney's fees.  However, a

6   party may be considered to prevail in the absence of a simple

7   unqualified victory.  To determine if a party has prevailed in such

8   circumstances, the court compares "the relief awarded on the

9   contract claim or claims with the parties' demands on those same

10  claims and their litigation objectives as disclosed by the

11  pleadings, trial briefs, opening statements, and similar sources."

12  Id. at 891.  "The prevailing party determination is to be made only

13  upon final resolution of the contract claims and only by 'a

14  comparison of the extent to which each party ha[s] succeeded and

15  failed to succeed in its contentions.'"  Id. (emphasis added).  A

16  party can be considered a "prevailing party" on a contract claim if

17  the claim is dismissed on procedural grounds as long as the claim

18  is completely resolved in the relevant state.  Profit Concepts

19  Mgmt., Inc. v. Griffith, 162 Cal. App. 4th 950 (2008)(holding that

20  attorney's fees were appropriate after a dismissal for lack of

21  personal jurisdiction because the contract claims, although pending

22  in Oklahoma, were completely resolved in California).

23      While some procedural victories are sufficient to support the

24  award of attorney's fees, obtaining an interim victory does not

25  constitute a "final resolution" of contract claims.  In re Estate

26  of Drummond, 149 Cal. App. 4th 46, 49 (2007).  In Drummond, a

27  party's contract claim against will contestants was dismissed as

28  having been brought in the wrong forum; the contract claim, the

3

1   court ruled, must instead be brought in an already pending civil

2   action.   Id.   The dismissal of the petition did not defeat the

3   party's contract claims; "it merely deflected or forestalled them,"

4   and was not a final resolution.   Id. at 53.

5        Here, the dismissal of Plaintiff's complaint was not a final

6   resolution of the contract claims.   Like Drummond, Defendants

7   sustained an interim victory that ended as soon as Plaintiff re-

8   filed its claim in this court.   Unlike Profit Concepts, in which a

9   contract claim was completely resolved in California allowing for

10  the recovery of attorney's fees, there has been no final resolution

11  of the contract claims in this or any other forum.

12            **B. Contract Claims**

13       Additionally, while a procedural victory is sometimes

14  sufficient to allow for attorney's fees under  § 1717, the victory

15  must pertain to the contract claims.   See Vistan Corp. v. Fadei,

16  USA, Inc., C-10-04862 JCS, 2013 WL 1345023(N.D. Cal. Apr. 2, 2013).

17  In Vistan, a plaintiff filed an action in federal court that

18  included both a patent infringement claim and a breach of contract

19  claim.   Id. at *1.   The court granted summary judgment in favor of

20  the defendants on the patent claim and declined to exercise pendant

21  jurisdiction over the contract claims.   Id.   The court then

22  dismissed the case without prejudice for want of federal

23  jurisdiction.   Id.   The court did not award attorney's fees

24  because, even though the case was dismissed, the defendants did not

25  prevail on the contract claims; they only "succeeded at moving a

26  determination on the merits [of the contract claims] from one forum

27  to another"  Id. at *4.

28

4

1     Similarly, in Idea Place Corp. v. Fried, plaintiffs filed a
2  complaint alleging a breach of contract.  390 F. Supp. 2d 903, 904
3  (N.D. Cal. 2005).  The court dismissed the action for lack of
4  subject matter jurisdiction because the complaint did not state a
5  cause of action arising under federal law.  Id.  The court in Idea
6  Place did not award attorney's fees, finding that the defendants
7  "were quite obviously not the prevailing party on the contract[]"
8  because the court made no findings on the breach of contract claim.
9  Id. at 905.  The court reasoned that a dismissal for lack of
10 jurisdiction "did not foreclose the possibility that Plaintiff
11 could pursue its contract claims in state court," leaving open
12 "which entity [was] the "prevailing party" on Plaintiff's contract
13 action."  Id. at 905.
14     Here, this court dismissed the case after finding that
15 Plaintiff's pleading of its RICO claims was deficient.  As in
16 Vistan, in which the court only resolved the infringement claim,
17 this court likewise did not determine which party prevailed on the
18 contract claims.  The court determined only that Plaintiff had not
19 stated a claim under RICO and that the court did not otherwise have
20 jurisdiction over the action.
21     Thus, the court finds that even if Plaintiff had not re-filed
22 its complaint in this court, Defendants cannot be considered a
23 prevailing party with respect to the Plaintiff's contract claims,
24 which this court did not address and which Plaintiff could raise in
25 state court.
26 ///
27 ///
28 ///

**IV. Conclusion**

For the reasons stated above, the Motion for Attorney's Fees is DENIED.

IT IS SO ORDERED.

Dated: July 30, 2013

DEAN D. PREGERSON
United States District Judge